**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| NICHOLAS O. PHILBECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-01311-TWP-DKL |
| | ) | |
| CAROLYN W. COLVIN, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON APPLICATION FOR ATTORNEY FEES**
**UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on Plaintiff Nicholas Philbeck's ("Mr. Philbeck")
Application for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)
("EAJA") (Filing No. 22).  In May 2011, Mr. Philbeck filed applications for Social Security
Disability Insurance Benefits and Supplemental Security Income for his severe impairments of
postural orthostatic tachycardia syndrome, migraine headaches, basilar invagination, and Kleine-
Levin syndrome.  Mr. Philbeck's applications were denied initially, on reconsideration, and again
by an Administrative Law Judge.  The Appeals Council denied Mr. Philbeck's request for review.
Mr. Philbeck then appealed to this Court for judicial review on August 8, 2014 (Filing No. 1).

After Mr. Philbeck filed his initial brief, counsel for the Commissioner of the Social
Security Administration (the "Commissioner") attempted to reach an agreement with Mr.
Philbeck's counsel concerning a joint stipulation for remand.  However, the parties did not reach
an agreement, so the Commissioner unilaterally moved the Court to remand the case for further
administrative proceedings (Filing No. 19).  The Court granted the Commissioner's Motion to
Remand, thereby making Mr. Philbeck the prevailing party for purposes of the EAJA (Filing No.

20).  Mr. Philbeck's Application for EAJA fees followed.  The Commissioner contests the EAJA

Application, asserting that it does not comply with the EAJA's requirements (Filing No. 25).  For

the following reasons, Mr. Philbeck's Application for Attorney Fees under the EAJA is **DENIED**.

## I.   DISCUSSION

The EAJA provides that a successful litigant against the federal government is entitled to

recover attorney fees if: (1) he was a "prevailing party;" (2) the government's position was not

"substantially justified;" (3) there existed no special circumstances that would make an award

unjust; and (4) he timely filed an application with the district court.  28 U.S.C. § 2412(d)(1)(A),

(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).  The prevailing party's

application must be timely filed and supported by an itemized statement from the party's attorney

"stating the actual time expended and the rate at which fees and other expenses were computed."

28 U.S.C. § 2412(d)(1)(B).  District courts have discretion to adjust the fee award or to deny fees

when there are "special circumstances that would make an award unjust."  28 U.S.C. §

2412(d)(1)(A); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).  "The party seeking

an award of fees should submit evidence supporting the hours worked and rates claimed.  Where

the documentation of hours is inadequate, the district court may reduce the award accordingly."

*Hensley*, 461 U.S. at 433.

Mr. Philbeck seeks an award for approximately 15.88 hours of attorney time at the adjusted

rate of $186.03 per hour, for a total of $2,953.23.  The Commissioner objects to Mr. Philbeck's

request, arguing that counsel for Mr. Philbeck, Patrick Mulvany ("Mr. Mulvany"), failed to comply

with the EAJA's requirement that attorneys provide itemized statements showing actual time

expended on the case.  The Commissioner asserts that Mr. Mulvany has not properly and

accurately recorded his time actually expended in this case but simply has estimated the time

expended on specific tasks in the case; thus, his fee request and supporting records do not state the actual time expended.

In several cases before the courts in the Southern District of Indiana,[1] Mr. Mulvany has filed EAJA fee applications with supporting documents that were found to be inadequate to award fees under the EAJA because those documents provided estimates of time expended instead of actual time expended on the case.  In many cases, the courts provided Mr. Mulvany an opportunity to cure the defect found in the supporting records.  In one case, this Court provided Mr. Mulvany the opportunity to cure the defect in his application.  *See Moore v. Colvin*, No. 1:11-cv-00247-TWP-MJD, 2013 U.S. Dist. LEXIS 147631, at *3–4 (S.D. Ind. Oct. 1, 2013).  Time and again, this Court and the other courts in this District have directed Mr. Mulvany to discontinue his practice of estimating his time based on an average amount of time to complete tasks and to begin keeping contemporaneous time records in order to comply with the requirement of the EAJA to provide itemized records of actual time expended in cases.

Mr. Mulvany argues, as he has in the past, that keeping contemporaneous time records is not required by the EAJA.  As he has done in previous cases, Mr. Mulvany relies on *Cohen v. Brown*, 8 Vet. App. 5 (Vet. App. 1995) for his argument.  Concerning Mr. Mulvany's argument and reliance on *Cohen*, this Court explained:

> [T]he Court of Veterans Claims held that the EAJA's requirement that attorneys submit "an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed," 28 U.S.C. § 2412(d)(1)(B), was not a statutory requirement for the submission of contemporaneously prepared time sheets. "Rather," the court found, "the relevant question is whether an attorney's itemized statement provides sufficient detail to permit a determination regarding the reasonableness of the fees claimed." *Cohen*, 8 Vet. App. at 8. Mr. Mulvany's reliance on *Cohen* is unavailing. This Court and others have determined that Mr. Mulvany's requests for fees failed to meet the

---

[1] See for example, case numbers 1:11-CV-00243-WTL-TAB, 1:11-CV-01233-WTL-TAB, 1:11-CV-00247-TWP-MJD, 1:04-CV-00952-SEB-TAB, 1:11-CV-00160-SEB-DML, 1:11-CV-00242-SEB-MJD, and 1:11-CV-00249-SEB-DKL.

EAJA's requirement of an itemized statement showing *actual time expended*. Mr. Mulvany has admitted to other courts that he does not keep records of actual time.

*Moore*, 2013 U.S. Dist. LEXIS 147631, at *3–4. Mr. Mulvany's identical argument and continued reliance on *Cohen* is still unavailing. This Court and others have found that Mr. Mulvany consistently refuses to comply with the direction from the Court and to meet the EAJA's requirement of an itemized statement showing actual time expended; instead, he insists on providing estimates of time based on average time computations and relying on his old argument that the EAJA does not statutorily require contemporaneous time records. Mr. Mulvany consistently has been admonished to contemporaneously record his actual time. This Court continues to be troubled by the unfailing refusal of counsel to record actual time and to submit itemized statements with the actual time expended in his cases.

Under 28 U.S.C. § 2412(d)(1)(A), district courts are left with the discretion to decide when fees should be denied because of "special circumstances that would make an award of fees unjust." As noted above, Mr. Mulvany previously has admitted that he does not keep records of actual time and instead estimates his time spent on tasks based on average limits for those tasks. In this case, the Commissioner filed documentation showing that Mr. Mulvany's fee request and "time spent" on various tasks in this case are identical to the "time spent" in Mr. Mulvany's numerous other Social Security cases, thereby showing that Mr. Mulvany continues to estimate his time instead of provide the Court with actual time expended in these cases (Filing No. 25-1). In his reply brief, Mr. Mulvany did not claim that the time submitted to the Court is in reality the actual time expended on this case. He also did not submit documents verifying the actual time expended. Instead, he asserted that his time was reasonable because it fell within the average limits of time expended on similar tasks in similar cases. The circumstances of this case—the refusal to submit

documentation of actual time expended in this case—are special circumstances that make an award of attorney fees unjust.

## II.   **CONCLUSION**

This Court has previously urged Mr. Mulvany "to modify his practices in compliance with the District Court's guidance by keeping records of his actual time expended, as required by the EAJA, and to submit those records with fee requests."   See *Moore v. Astrue*, 1:11-cv-00247-TWP-MDJ , Dkt. No. 49 at 7.  He has failed to do so.  Accordingly, for the reasons above, Mr. Philbeck's Application for Attorney Fees under the Equal Access to Justice Act (Filing No. 22) is **DENIED**.

**SO ORDERED.**

Date: 6/11/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patrick H. Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov